# EXHIBIT B

Founded in 1852
by Sidney Davy Miller

MILLER CANFIELD

JOSEPH G. VERNON
TEL (313) 496-7669
FAX (313) 496-8453
E-MAIL vernon@millercanfield.com

Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy
FLORIDA: Tampa
ILLINOIS: Chicago
NEW YORK: New York
CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

August 29, 2017

**VIA EMAIL AND FEDERAL EXPRESS**

IEEE
c/o Karen Bartleson
President and CEO
445 Hoes Lane
Piscataway, NJ 08854

Re: Your August 2, 2017, Letter to Dr. Ning Xi

Dear Ms. Bartleson:

We represent Dr. Xi and we have reviewed your letter dated August 2, 2017. In your letter you announce your intention to violate the IEEE's governing documents in a misguided and unlawful effort to strip Dr. Xi of his IEEE membership and credentials. This letter serves as Dr. Xi's notice to the IEEE that he intends to assert his rights under the IEEE's Constitution, Bylaws, and Policies, and that he is prepared to seek judicial intervention if you refuse to recognize those rights.

Additionally, we understand that during a January 17, 2017 presentation to the Board of Directors, a number of false and misleading statements were made to the Board, including that Dr. Xi embezzled $1 million from IEEE, that he stole files from the IEEE, that he acquired multiple homes with the allegedly embezzled funds, and that he is the subject of a pending FBI investigation relating to these allegations. These statements—which were apparently repeated during another meeting on June 27, 2017—were reckless and made with malicious intent, and they have caused and will continue to cause great damage to Dr. Xi. While we continue to investigate these and potentially other defamatory statements, and Dr. Xi reserves all rights relating to the prosecution of them, we hereby demand that the IEEE retract these statements immediately.

The above statements were made as an accompaniment to a Powerpoint presentation that your letter does not disclose. The IEEE's lack of transparency in this and other regards is troubling. We understand that during the same board meetings referenced above, a number of material facts were concealed from the Board, including Dr. Xi's cooperation during the internal

auditing process, the information he provided during that process in response to the IEEE's queries, and the confirmation from Dr. Satoshi Takodoro, the President of the IEEE Robotics and Automation Society, that Dr. Xi's pre and post-conference travel patterns were consistent with the Society's common practice. It is unclear whether the Board was made aware that Dr. Xi's expenses were approved by IEEE, or that a January 18, 2016, Independent Auditors' Report appeared to find that the expenses were "adequately controlled." Put simply, the picture of Dr. Xi presented to the Board was one-sided and inaccurate at best, and intentionally misleading at worst.

It is to prevent such *ex parte* inaccuracies and damaging innuendo that the IEEE instituted rigorous Bylaws and Policies to protect its members with due process rights. Some Board members likely recognized this when they rejected the improper motion to remove Dr. Xi, notwithstanding the biased and inaccurate presentation before them. As you know, the IEEE outlines a comprehensive process for involuntarily removing a member from the IEEE—which must be initiated by the filing of a formal complaint with the Ethics and Member Conduct Committee, followed by an investigatory period, and then a formal hearing before a specially constituted Hearing Board. *See* IEEE Bylaws at 110. Indeed, this is the only section of the Bylaws that addresses "Member Discipline."

The complaint against the member must be in the form of an affidavit, signed by an IEEE member in good standing, and it must contain detailed statements regarding the alleged misconduct and the specific provisions of the Constitution, Bylaws, Code of Ethics, or Policies that were allegedly violated. IEEE Policies at 7.10(A); *see* IEEE Bylaws at 110.3. After receiving the complaint, the Ethics Committee is charged with investigating the allegations and ascertaining whether there is a reasonable basis to recommend that the complaint be taken to a Hearing Board. IEEE Bylaws at 110.3; IEEE Policies at 7.10(B). Only if the Ethics Committee recommends that a Hearing Board be convened may the Board of Directors vote to refer the matter. IEEE Bylaws at 110.4; IEEE Policies at 7.10(D)(1). If the Board of Directors votes to appoint a Hearing Board, it must be comprised of between five and nine members, none of whom may currently serve on the Board of Directors. *Id.* The charged member must be given a copy of the complaint and the Preliminary Investigation Report. IEEE Policies at 7.10(C)(4). The proceedings must be kept confidential. *Id.* at 7.10(D)(2).

Only after hearing argument, testimony, and evidence does the Hearing Board decide whether to recommend sanctions, a decision that requires a two-thirds majority of the Hearing Board. IEEE Bylaws at 110.4; IEEE Policies at 7.10(E). The Board of Directors (heretofore, disinterested) must then consider whether to ratify or modify the Board's recommendation by a two-thirds vote. IEEE Bylaws at 110.6; IEEE Policies at 7.10(E)(3).

Your letter makes clear that you plan to ignore these (and numerous other) detailed provisions in the Bylaws and Policies, and circumvent them in favor of an unsanctioned *ad hoc* procedure. The IEEE Constitution, Bylaws, and Policies do not give you the power to circumvent the normal procedures and safeguards.

Rather than giving Dr. Xi fair notice of what he is charged with, and an opportunity to dispute those charges, you have provided him with summary excerpts from a lengthy PowerPoint presentation, which do not provide any specificity about what he is accused of doing. You also failed to disclose at least one Powerpoint presentation that was made to the Board, and you have redacted significant portions of the Grant Thornton report, including entire sections that appear to speak to the IEEE's culture and practices.

Rather than allow the Ethics and Member Conduct Committee to investigate an affidavit-complaint and determine whether there is cause for a hearing, you have asserted that "the procedures for a hearing … do not apply," without any supporting citation to the Bylaws.

Rather than providing Dr. Xi with a Hearing Board comprised of between five and nine impartial members who are not Directors, you have selected three Directors who have already listened to a lengthy presentation about why Dr. Xi should be terminated for cause, which was one-sided and littered with inaccuracies and misleading statements.

Finally, rather than follow the procedure designated for the Board of Directors to review all decisions of the Hearing Board and the requirement that it ratify such decisions by a two-thirds majority, you have announced that such power has been fully delegated to this *ad hoc* committee.

The IEEE Bylaws do not exist as a mere formality; they bind the Board of the Directors, the Officers, and all IEEE Members, who have jointly agreed that "Membership in IEEE in *any grade* shall carry *the obligation* to … [a]bide by the IEEE Constitution, Code of Ethics, Bylaws and Policies." IEEE Bylaws at 104.13 (emphasis added). Your assertion that because a complaint was never filed in accordance with the Bylaws, you no longer have to follow the Bylaws, is a circular fallacy. All members must abide by the Bylaws and Policies—there are no exceptions, not even for the President.

Dr. Xi therefore requests the following:

- Formal notice specifying which provisions of the Code of Ethics, IEEE Constitution, Bylaws, Policies, or Operations Manuals of the IEEE he is accused of violating. Bylaws 110.1; IEEE Policies 7.10.

- The identification and production of "any documentation or materials upon which the complaint in whole or part is based[,]" so that Dr. Xi may have a meaningful opportunity to confront such evidence. IEEE Bylaws at 110.4; IEEE Policies at 7.10(A)(2). This disclosure should include the reimbursement requests and receipts upon which these claims are supposedly based, both of the full PowerPoint presentations made to the Board of Directors on January 17, 2017 and June 27, 2017, any meeting minutes from these sessions, and any other reports or presentations on which these allegations are based, or which were otherwise provided to the Board, including the full Grant Thornton report. Dr. Xi must also receive an itemized disclosure of all allegedly improper expenses, so that he can understand the charges against him and prepare a response.

- The immediate referral of any such complaint to the Ethics and Member Conduct Committee, pursuant to the process for Member Discipline mandated by the Bylaws. IEEE Bylaws 110.3; IEEE Policies 7.10(B).

- The cancellation of the September 28 "Presidential Committee" meeting. Pursuant to the Bylaws, the only entity that may investigate and consider recommending disciplinary action against Dr. Xi is a specially constituted Hearing Board of between five and nine non-Board of Director IEEE members, and even this body may only proceed after a formal complaint and investigation by the Ethics and Member Conduct Committee, which has not occurred. IEEE Bylaws 110.4; IEEE Policies 7.10(B)-(D).

- The immediate cessation and retraction of all defamatory statements to the Board of Directors, the IEEE Membership at large, and all individuals who may serve as members of a Hearing Board.

- Full compliance with the IEEE Constitution, Bylaws, and Policies from this date onward.

Please confirm that you will comply with the above actions by September 11, 2017. If you do not confirm your willingness to comply with the Bylaws by that time, Dr. Xi will file suit to preserve and enforce his rights under the IEEE's governing documents, including but not limited to, seeking an injunction against the IEEE's action in this regard. To the extent the Board of Directors persists in its efforts to disregard these binding governing documents, this letter also serves as a formal demand on behalf of the IEEE to cease and desist this unlawful activity.

Please ensure that you will take all necessary steps to preserve any and all documents, tangible things, and electronically stored information that relate to the issues addressed in this letter, and that are potentially relevant to the issues in the anticipated litigation. Thank you for your expected cooperation in this regard.

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: ______________________________

Joseph G. Vernon

JGV

cc: David Schumacher, Buchanan Ingersoll and Rooney, P.C.

29742580.14\156784-00001