NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **NING XI, an individual,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 17-7316 (ES) (MAH) |
| | : | |
| v. | : | MEMORANDUM |
| | : | |
| **INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INC.,** a New York Non-Profit Corporation, and **KAREN P. BARTLESON,** an individual, | : | |
| | : | |
| Defendants. | : | |

The Court writes primarily for the parties. As they are aware, on September 26, 2017, this Court entered a temporary restraining order. (D.E. No. 18). Thereafter, the issue of whether to post a bond pursuant to Federal Rule of Civil Procedure 65(c) in this matter (and, if so, how much) has been hotly contested. (*See, e.g.*, D.E. No. 19 at 2, 9-10, 14-19; D.E. No. 20 at 1-9, 11; D.E. No. 24 at 1-9; D.E. No. 25 at 1-9; D.E. No. 34 at 1-4; D.E. No. 36 at 1-8).

Under Rule 65(c), the "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Although the amount of the bond is left to the discretion of the court, the posting requirement is much less discretionary. While there are exceptions, the instances in which a bond may not be required are so rare that the requirement is almost mandatory." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 103 (3d Cir. 1988). "Such an extremely narrow exception exists when complying with the preliminary injunction raises no risk of monetary loss to the defendant."

1

*Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010) (internal quotation marks and citations omitted).

In particular, the Third Circuit explicitly recognized an exception to the bond requirement in *Temple University v. White*, 941 F.2d 201 (3d Cir. 1991). There, the Circuit stated that, "[f]irst, at least in noncommercial cases, the court should consider the possible loss to the enjoined party together with the hardship that a bond requirement would impose on the applicant." *Id.* at 219 (internal quotation marks and citation omitted). Further, the "district court should consider the impact that a bond requirement would have on enforcement of [an important federal right or public interest] in order to prevent undue restriction [of them]." *Id.* at 220 (citation omitted). This "*Temple University* exception involves a balance of the equities of the potential hardships that each party would suffer as a result of a preliminary injunction. Where the balance of these equities weighs overwhelmingly in favor of the party seeking the injunction, a district court has the discretion to waive the Rule 65(c) bond requirement." *Elliott v. Kiesewetter*, 98 F.3d 47, 60 (3d Cir. 1996). To reiterate, however, the Third Circuit has explicitly held that "a district court lacks discretion under Rule 65(c) to waive a bond requirement except in the exceptionally narrow circumstance where the nature of the action necessarily precludes any monetary harm to the defendant." *Zambelli*, 592 F.3d at 426.

Here, at the TRO hearing, Defendant sought $1,000,000—and maintains that this amount is "reasonable." (*See* D.E. No. 20 at 8). "[B]ut based on closer analysis of the specific harm that [Plaintiff] could inflict, [Defendant] believes that a bond in the amount of $500,000 would be sufficient." (*Id.*). In subsequent briefing, Defendant again requested "that this Court set the bond in the amount of $500,000." (D.E. No. 25 at 9).

Plaintiff, however, affirmed the following: "I . . . understand that [Defendant] has requested a $500,000 bond. I am a professor and I detailed my salary in my last affidavit. I cannot afford such a bond." (D.E. No. 24-1 ¶ 5). Indeed, Plaintiff had affirmed earlier in this case that: "I currently make approximately $200,000 a year as a professor at the University of Hong Kong, and I receive an annual raise of between 3-10%." (D.E. No. 5-1 ¶ 7).

In response, Defendant argued (among other things) that "[t]he cost of the bond could be as low as 1-2% of the face amount of the bond—that is, $5,000-$10,000 cost for a $500,000 bond," and that Plaintiff "offers no reason to believe that the cost of the bond is out of his financial reach." (D.E. No. 34 at 3-4). That was on October 23, 2017. (*See id.*). And since then, Plaintiff has not countered otherwise. Accordingly, exercising its discretion in setting the amount of a bond, the Court finds that a bond of $5,000 is appropriate here—and declines to find that a waiver is warranted for primarily the following reasons.

***First***, the Court is persuaded by Defendant's contention that "[a]t most, [Plaintiff] is arguing that the risk may not be as great as [Defendant] fears, but that does not mean the risk is zero." (D.E. No. 25 at 6); *see Zambelli*, 592 F.3d at 426 ("[A]n extremely narrow exception exists when complying with the preliminary injunction raises no risk of monetary loss to the defendant.") (internal quotation marks and citations omitted); *Frank's GMC Truck Ctr.*, 847 F.2d at 103 ("We have held previously that absent circumstances where there is no risk of monetary loss to the defendant, the failure of a district court to require a successful applicant to post a bond constitutes reversible error.") (citation omitted).

***Second***, the *Temple University* exception involved, in part, "the impact that a bond requirement would have on enforcement of [an important federal right or public interest] in order to prevent undue restriction [of them]." *See* 941 F.2d at 220 (citation omitted). Indeed, Defendant

3

raised this point in its October 11, 2017 brief, asserting that Plaintiff's "stated concerns here (such as loss of income or harm to his career and reputation) are primarily *personal*, and they do not fit within the rare public interest exception recognized in the Third Circuit." (D.E. No. 25 at 2 (citing *Temple Univ.*, 941 F.2d at 219-20) (emphasis in original)). Plaintiff's subsequent October 23, 2017 brief, however, does not convince the Court how the *Temple University* exception is implicated in this regard. (*See generally* D.E. No. 36).

   ***Third***, the Third Circuit has set forth the following regarding the function of a bond (which informs the Court's finding herein):

> The functions of the bond are illustrated in the course of litigation involving preliminary injunctive relief. When a court grants an applicant's request for a preliminary injunction, it will generally condition this grant on the applicant's posting a bond. The applicant then decides whether to accept the preliminary relief by posting the bond or to withdraw its request. The applicant may base its decision on whether it wants to expose itself to liability up to the bond amount. If the preliminary injunction takes effect and it is later determined a party was wrongfully enjoined, that party may then seek recovery against the posted bond.

*Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 240 (3d Cir. 2003); *see also Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 804 (3d Cir. 1989) ("It is true that a bond may create a barrier to the granting of a preliminary injunction. The barrier fulfills one of the purposes of the bond requirement. . . . The bond deters rash applications for interlocutory orders; the bond premium and the chance of liability on it causes plaintiff to think carefully beforehand.") (citation omitted); *cf. Frank's GMC Truck Ctr.*, 847 F.2d at 103 ("[T]he instances in which a bond may not be required are so rare that the requirement is almost mandatory.").

   ***Fourth***, Plaintiff provides no reason for the Court to find that that a $5,000 bond amount is out of his financial reach. As Plaintiff himself states: "there is an exception to the general rule requiring bonds in 'noncommercial cases' like this one, where 'the court should consider the

possible loss to the enjoined party together with the hardship that a bond requirement would impose on an applicant.'" (D.E. No. 36 at 1-2 (quoting *Temple Univ.*, 941 F.2d at 219)). Unconvinced that a $5,000 bond would impose undue hardship upon Plaintiff, the Court declines to exercise its "*discretion* to waive the Rule 65(c) bond requirement." *See Elliott*, 98 F.3d at 60 (emphasis added); *see also Scanvec Amiable Ltd. v. Chang*, 80 F. App'x 171, 175 (3d Cir. 2003) ("In some instances, strict application of the security requirement may be inappropriate, and at least in noncommercial cases, the court should consider the possible loss to the enjoined party together with the hardship that a bond requirement would impose on the applicant. *This exception, however, remains narrow and may only be invoked by the District Court upon specific findings regarding the relative hardships to each party*.") (internal quotation marks and citations omitted) (emphasis added).

  ***Finally*** (and on a related note), Defendant recently clarified that it "does not oppose conversion of the temporary restraining order into a preliminary injunction, except on the grounds previously argued, which this Court has rejected"—but it is Defendant's "position that [P]laintiff . . . is required to post a bond." (D.E. No. 34 at 1). Accordingly, the existing TRO entered in this case is converted to a preliminary injunction pursuant to the Order accompanying this Memorandum.

                *s/ Esther Salas*  
                **Esther Salas, U.S.D.J.**